# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GEORGE TAYLOR, )
)
    Plaintiff, )
)    No. 15 C 5131
   v. )
)    Judge Sara L. Ellis
THE VILLAGE OF MONTGOMERY, )
POLICE OFFICER ARMONDO SANDERS )
# 46, in his Supervisory and in his Individual )
capacity, POLICE OFFICER CHRISTOPHER )
JOHNSON #58, in his Individual capacity, )
POLICE OFFICER ISMAEL DIAZ, in his )
Supervisory and Individual capacity, CHIEF )
DANIEL MEYERS, in his Supervisor and )
Individual capacity, KENDALL COUNTY, )
KENDALL COUNTY SHERIFF DWIGHT )
BAIRD, in his Official capacity, KENDALL )
COUNTY DEPUTY MIKE DENYKO, in his )
Individual capacity, )
)
    Defendants )

## OPINION AND ORDER

After he was allegedly beaten and unlawfully arrested by the police, George Taylor filed

this civil rights lawsuit against Defendants: the Village of Montgomery, Officer Armondo

Sanders, Officer Christopher Johnson, Officer Ismael Diaz, and Chief Daniel Meyers

(collectively, the "Montgomery Defendants"), Kendall County, Sheriff Dwight Baird, and

Deputy Mike Denyko (collectively, the "Kendall County Defendants"). Taylor alleges excessive

force, failure to intervene, false arrest, unreasonable search and seizure, unlawful retaliation,

equal protection, substantive due process, and conspiracy claims pursuant to 42 U.S.C. § 1983, in

addition to state law malicious prosecution and indemnification claims. The Montgomery

Defendants have moved to dismiss Taylor's second amended complaint, arguing that claim and

issue preclusion bar Taylor from pursuing those claims based on the settlement and dismissal of a previous lawsuit Taylor filed involving some of the Montgomery Defendants. Although Taylor has included allegations stemming from that previous lawsuit for context purposes, claim and issue preclusion do not apply to prevent Taylor from moving forward on the claims he has asserted in this lawsuit and so the motion to dismiss is denied.

## BACKGROUND[1]

On February 21, 2014, Taylor visited his girlfriend's apartment at 2436 Deerpoint Drive, Montgomery, Illinois. Around 3:00 p.m., Taylor's girlfriend told him that her son was outside being questioned by members of the Montgomery Police Department. Taylor left the apartment to see what was happening. One of the Montgomery police officers at the scene recognized Taylor. Sanders then came up behind Taylor and signaled to other officers, causing Diaz and Johnson to join Sanders in surrounding Taylor, thereafter grabbing and seizing him. Johnson grabbed Taylor by the throat, yanked his head back, and began to choke him. All three officers threw Taylor to the pavement and jumped on top of him. Johnson struck Taylor in the head with his knee, causing Taylor to bite down and lose a tooth. Sanders held Taylor down on the ground by placing his knee on the back of Taylor's neck, pinning his face to the pavement. Denyko was also involved in these actions, which were captured on video.

While on the ground, Taylor tried to stay as still as possible and repeatedly stated "it's all good, it's all good" and "cuff me." Doc. 9 ¶ 18. Ultimately, the officers handcuffed Taylor and

---

[1] The facts in the background section are taken from Taylor's second amended complaint and are presumed true for the purpose of resolving the Montgomery Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court cannot normally consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to plaintiff's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.* The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

took him into custody, where he remained for several hours. He was charged with misdemeanor obstruction of justice and other felonies.[2] Taylor was found not guilty of the charges on March 30, 2015 and April 27, 2015.

Following his arrest, Taylor filed a Freedom of Information Act request with Meyers, the Montgomery Chief of Police, because Taylor believed that Meyers knowingly failed to preserve radio-to-radio or audio recordings from the various officers' microphones during the incident.

The February 21, 2014 encounter was not the first incident between Taylor and the Village of Montgomery to produce a lawsuit. Taylor filed an earlier suit in this district, No. 10 C 4323 (the "2010 case"), against Sanders, Johnson, and the Village of Montgomery arising out of an October 26, 2009 incident where Sanders pulled over the car in which Taylor was riding. Other Montgomery police officers responded to the scene, including Johnson. Taylor, who was a passenger, refused to identify himself, claiming that the car had been pulled over under false pretenses. The traffic stop lasted for approximately two hours. In the 2010 case, Taylor and several other plaintiffs alleged that the Montgomery police officers involved, including Sanders and Johnson, conducted an unlawful, discriminatory traffic stop, bringing claims under § 1983 for illegal seizure and detention, equal protection violations, invasion of privacy, and providing false information in an arrest warrant, and under state law for intentional infliction of emotional distress and false imprisonment. The plaintiffs in that case also sought indemnification from the Village of Montgomery. Ultimately, the parties settled the 2010 case and dismissed it with prejudice.

---

[2] The second amended complaint does not specify the other felony offenses with which Taylor was allegedly charged.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 569 n.14).

**ANALYSIS**

The Montgomery Defendants move to dismiss Taylor's second amended complaint, arguing that Taylor is seeking to relitigate claims that were encompassed in his previously dismissed 2010 case. Specifically, the Montgomery Defendants argue that Taylor's allegations are barred by *res judicata* and collateral estoppel, commonly referred to as claim and issue preclusion, respectively. But Taylor responds that he is not seeking relief for claims that were settled and dismissed, and that instead he is only including allegations surrounding the incident

involved in the 2010 case as background facts for his current claims. Taylor further argues that claim and issue preclusion are inapplicable to the claims he has asserted in this lawsuit, which arise from an incident that could not have been contemplated by the 2010 case or its settlement and dismissal.

The Montgomery Defendants argue alternatively that either claim or issue preclusion applies here. In determining the preclusive effect of a federal court judgment, the Court looks to federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). With respect to claim preclusion, a "final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue is raised as part of a different claim. *Id.* (quoting *New Hampshire*, 532 U.S. at 748–49). However, neither theory is applicable here.

First, as to claim preclusion, under federal law, claim preclusion requires three elements: "(1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2010). The third element proves determinative here. In analyzing whether there is an identity of causes of actions, the Court considers "whether the claims arise out of the same set of operative facts or the same transaction," looking at the "totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2012) (citations omitted) (internal quotation marks omitted). Here, none of Taylor's claims arise out of

the same facts as those alleged in the 2010 case. Although some of the claims are based on the same legal theories, they do not arise out of the same factual pattern but instead are based on facts stemming from Taylor's February 21, 2014 encounter with the individual Defendants. As the Seventh Circuit noted in a similar case where the defendants sought to use claim preclusion, the "defendants conceptualize too broadly the injury about which [Taylor] complains." *Heard v. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016) (although new lawsuit that included complaint about a delay in providing hernia surgery was similar to the plaintiff's prior suits concerning hernia surgeries, it was not precluded because it involved a different set of operative facts). This is because "claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed." *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011). Moreover, although the second amended complaint does include many of the same allegations as those in the 2010 case, Taylor does not assert a standalone claim based on any of these allegations. Indeed, Taylor acknowledges that he has included these allegations from the 2010 case for context, "not as the basis of additional claims," making claim preclusion inapplicable here. Doc 38 at 6.

Additionally, issue preclusion is not appropriate. For issue preclusion to apply, the following elements must be met: "(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). "[S]ettlement agreements generally do not give rise to issue preclusion . . . unless it is clear that preclusion is what the parties intended." *Heard*, 809 F.3d at 978. In *Heard*, the parties entered into a settlement agreement

after a jury found one of the defendants liable, and the settlement agreement contained a release in which the defendants "expressly denied any liability." *Id.* (internal quotation marks omitted). The Seventh Circuit found that this express denial, coupled with the timing of the settlement, meant the "parties clearly did not intend for the jury's verdicts to have preclusive effect." *Id.* But even notwithstanding that language, the Seventh Circuit went on to conclude that the plaintiff's allegations in his latest case were not barred by the prior settlement, as the new claims involved "fresh allegations of stalling a different surgery, and even a different Wexford physician." *Id.*

The situation here is similar to that analyzed by the Seventh Circuit in *Heard.* Although the settlement in the 2010 case was not reached after a jury verdict, in settling the 2010 case, the defendants specifically stated that they were not admitting to any liability, suggesting that the parties did not intend for the settlement agreement to have preclusive effect. *See* Doc 28-3 at 9 ("This agreement is a compromise and settlement of disputed claims. Neither this Agreement nor any of its terms . . . is or shall be construed as an admission by [defendants] of any fault, wrongdoing, or liability whatsoever."); *see Heard*, 809 F.3d at 978; *Wis. Elec. Power Co. v. N. Assurance Co. of Am.*, No. 07-C-277-S, 2007 WL 5614077, at *2 (W.D. Wis. Dec. 17, 2007) (even though court had resolved legal issue prior to settlement, fact that settlement agreement provided only for dismissal with prejudice indicated that issue preclusion was not intended to apply). Additionally, the Montgomery Defendants have not demonstrated that the issues from the 2010 case were actually litigated (i.e. that the judge in the 2010 case actually decided any issues concerning the facts that Taylor has alleged in this case about the 2009 incident involving the Montgomery Defendants). *See Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 335 (7th Cir. 2015) (for issue preclusion to apply, the issue sought to be precluded must have been

"'actually litigated' and decided in the first case"); *Novak v. State Parkway Condo. Ass'n*, No. 13 C 08861, 2015 WL 6560456, at *4 (N.D. Ill. Oct. 29, 2015) (party asserting issue preclusion bears the burden of establishing its required elements). Thus, issue preclusion does not apply here.

In sum, Taylor is not attempting to relitigate issues he previously litigated and settled. Rather, Taylor seeks to use the facts involved in the 2010 case for context for his new claims based on the February 21, 2014 incident. These facts will play some role in his claims here and thus cannot be stricken or dismissed from the complaint. The Court acknowledges the Montgomery Defendants' concern that the allegations concerning the 2009 incident may become a larger part of the case than necessary and will be mindful of this concern as the case moves forward so that the 2014 incident remains the focus of this case.

## CONCLUSION

For the foregoing reasons, the Montgomery Defendants' motion to dismiss [28] is denied. The Montgomery Defendants are ordered to answer the second amended complaint by March 15, 2016.

Dated: February 29, 2016

SARA L. ELLIS
United States District Judge